UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
Hui L. Chen, Guo Z. Wu, Tak S. Cheng, Bi X.Yang, Mei F. He,
Xiu Y. Guo, Jian Z. Luo, Hui Lin, Yu J. Lin, Long Fang,
Xiao H. Zheng, Zhong Li, Jun Zhang, Ming Ho, Xiu H. Jiang,
Xiao Z. Zhang, Sky Wong, Wu C. Cao, Shou F. Lam,
Oy K. Kwan, Zhen Z. Wu, Shao J. Ng, and Yan X. Lin,

                    2010 CV 5288 (PAC)((DF)

        Plaintiffs
        -versus-             **COMPLAINT**

TYT East Corp., Jin Hua Restaurant Inc., and Michael Lam,   ECF Case

        Defendants.
-------------------------------------------------------------------------------X

## NATURE OF THE ACTION

1. Plaintiffs were employees of the Jin Hua Restaurant owned and operated by Defendants and located at 35 East Broadway, New York, New York.  Plaintiffs worked for Defendants at various times between August 2009 and the closing of the restaurant on April 22, 2010.

2. Throughout the course of their employment, Plaintiffs' wages fell below the legal minimum wage as required by federal and state law.  For varying periods of time, plaintiffs were not paid any wages.

3. Plaintiffs bring this action to obtain their lawful minimum wages, including overtime wages.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practices are maintained in, this District.

## PARTIES

### PLAINTIFFS

7. Plaintiff Hui L. Chen was employed as a cashier at the Jin Hua Restaurant from September 1, 2009, until its closing on April 22, 2010. (Hereinafter referred to as "Plaintiff Cashier").

8. Plaintiffs Guo Z. Wu, Tak S. Cheng, Bi X.Yang, Mei F. He, Xiu Y. Guo, Jian Z. Luo, Hui Lin, Yu J. Lin, Long Fang, Xiao H. Zheng, Zhong Li, Jun Zhang, and Xiu H. Jiang were employed as waiters, waitresses and bussers at Jin Hua Restaurant from September 1, 2009, until April 22, 2010.  Plaintiffs Sky Wong and Wu C. Cao were employed as waiters at Jin Hua Restaurant from November 9, 2009, until February 28, 2010.  Plaintiff Ming Ho was employed as a waiter at Jin Hua Resttaurant from September 1, 2009 until November 30, 2009 and then returned to work on March 1, 2009 and worked until April 22, 2010.  (Hereinafter these waiters, waitresses, and bussers are collectively referred to as "Plaintiff Food Service Workers").

9. Plaintiff Xiu Y. Guo, a waitress, was also employed to clean the Jin Hua Restaurant from August 1, 2009 to September 1, 2009.  She was not paid for this work.

10. Plaintiffs Shou F. Lam, Oy K. Kwan, Zhen Z. Wu, Shao J. Ng, and Yan X. Lin were employed as dim sum sellers at Jin Hua restaurant from September 9, 2009, until April 22, 2010. (Hereinafter collectively referred to as "Plaintiff Dim Sum Sellers").

11. Plaintiffs' family names are written as their last names, although in Chinese their family names would be their first names.

## DEFENDANTS

12. Defendant TYT East Corp. is a corporation organized and existing under the laws of the State of New York, with principle executive offices located at 32 East Broadway, New York, New York 10002.

13. Defendant Jin Hua Restaurant, Inc. is a corporation organized and existing under the laws of the State of New York, with principle executive offices located at 35 East Broadway, New York, New York 10002. Jin Hua Restaurant Inc. is a fully owned subsidiary of TYT East Corp.

14. At all times relevant to this action, TYT East Corp. and Jin Hua Restaurant, Inc. jointly owned and operated a restaurant in New York City doing business under the trade name of Jin Hua Restaurant until on or about April 22, 2010. As more fully alleged below, defendants TYT East Corp. and Jin Hua Restaurant, Inc. were Plaintiffs' joint employers.

15. Defendant Michael Lam was the General Manager of Jin Hua Restaurant until his termination by defendants TYT East Corp. on or about March 31, 2009. Mr. Lam was also the President of Jin Hua Restaurant, Inc. until his removal on or about March 31, 2010. Mr. Lam and others are being sued in New York State Supreme Court, New York County, Index No. 601029/10, by TYT East Corp. and Jin Hua Restaurant, Inc. and some of their shareholders for, inter alia, breach of contract, breach of fiduciary duty and conversion allegedly arising out of his employment at the restaurant. Mr. Lam has filed counterclaims for non-payment of wages and salary.

16. Defendant Lam, was plaintiffs' employer who had the power to hire and fire restaurant personnel, including Plaintiffs, control the terms and conditions of their employment,

determine the rate and method of any compensation provided to restaurant personnel, including Plaintiffs, and maintain employment records.

17.     Upon information and belief, Defendants TYT East Corp. and Jin Hua Restaurant Inc. together are an enterprise engaged in interstate commerce within the meaning of the FLSA in that they (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) had an annual gross volume of sales of not less than $500,000.

18.     Similarly, individually TYT East Corp and Jin Hua Restaurant Inc. are each an enterprise engaged in commerce in that each (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

19.     Defendant TYT East Corp. created Jin Hua Restaurant, Inc. as a wholly owned subsidiary to run Jin Hua Restaurant.  TYT East Corp. sublet its lease for the first and second floors of 35 East Broadway, New York, New York to Jin Hua Restaurant, Inc.

20.     All the shares of the Jin Hua Restaurant, Inc. were held by the shareholders of TYT East Corp. in the same proportion as their shares in TYT East Corp.

21.     Defendants TYT East Corp. hired defendant Michael Lam as the Chief Executive Officer of the Restaurant Department of TYT East Corp. and directed him to run the Jin Hua Restaurant subject to the corporation's control and oversight.

22. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6); 191(3); 651(6).

23. At all times relevant to this action, Defendant Jin Hua Restaurant, Inc. was under the control of defendant TYT East Corp. being a part of the latter corporation. All the profits from Defendant Jin Hua Restaurant belonged to Defendant TYT East Corp. and its shareholders. Defendants TYT East Corp. and Jin Hua Restaurant, Inc. are plaintiffs' joint employers.

24. At all times relevant to this action, Plaintiffs were engaged in commerce in that Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. Plaintiffs were engaged in an industry affecting commerce.

## MINIMUM WAGE

25. Both the FLSA and New York State Labor Law require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

26. Plaintiff Food Service Workers were "tipped employees" under the FLSA, which defines a "tipped employee" as an employee "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

27. Plaintiff Food Service Workers worked about forty hours a week. Plaintiffs Jian Z. Luo, Ming Ho, Xiao Z. Zhang, Sky Wong, and Wu C. Cao were paid $7 an hour. All the other Plaintiff Food Service Workers were paid $5.50 an hour.

28. Plaintiff Cashier worked eighty-one hours a week. Plaintiff Cashier was paid $5.50 an hour. Plaintiff Cashier was not a tipped employee.

29. Plaintiff Dim Sum Workers worked less than forty hours a week. Plaintiff Dim Sum workers received a set wage each week, they were not paid by the hour. Plaintiff Dim Sum workers were not tipped employees.

5

30.     Plaintiffs received no wages for several weeks prior to the closing of the restaurant. The following plaintiffs did not receive their wages in the amounts listed below.

| Name | Unpaid Wages |
|---|---:|
| Hui L. Chen | 7000.00 |
| Guo Z. Wu | 1300.00 |
| Tak S. Cheng | 1000.00 |
| Bi X. Yang | 1200.00 |
| Mei F. He | 1965.00 |
| Xiu Y. Guo | 3180.00 |
| Jian Z. Luo | 2180.00 |
| Hui Lin | 1200.00 |
| Yu J. Lin | 1200.00 |
| Long Fang | 1380.00 |
| Xiao H. Zheng | 1100.00 |
| Zhong Li | 1430.00 |
| Jun Zhang | 1100.00 |
| Ming Ho | 1680.00 |
| Xiu H. Jiang | 1100.00 |
| Xiao Z. Zhang | 1600.00 |
| Shou F. Lam | 1860.00 |
| Oy K. Kwan | 1250.90 |
| Zhen Z. Wu | 1253.00 |
| Shao J. Ng | 1053.00 |
| Yan X. Lin | 1053.00 |

31.     Defendants did not notify Plaintiff Food Service Workers of the FLSA's tip credit provisions of 29 U.S.C. § 203m.

## OVERTIME PAY

32.     FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours per week.  29 U.S.C. § 207; N.Y. Lab. Law § 650 et seq.; 12 NYCRR § 137–1.3.

33.     Plaintiff Cashier regularly worked eighty-one hours each week.

34.	Despite the fact that Plaintiff Cashier regularly worked in excess of forty hours per week, Defendants willfully and intentionally failed to pay Plaintiff Cashier overtime compensation as required by both the FLSA and New York Labor Law.

## SPREAD OF HOURS

35.	The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day.  12 NYCRR § 137–1.7.  New York State Department of Labor Regulations § 137–1.7 provides that if an employee is at work for 10 hours per day, then the employer is required to pay the employee an extra hour of pay at the minimum wage. 12 NYCRR § 137–1.7.  This "spread of hours" regulation is applicable even if there is a split shift.

36.	Plaintiff Cashier routinely worked a spread of hours of over ten hours a day seven days a week.

37.	Plaintiff Food Service Workers worked a spread of hours of over ten hours a day at least twice on the average each week.

38.	Despite the fact that Plaintiff Cashier and Plaintiff Food Service Workers routinely worked a "spread of hours" greater than ten hours per day, Defendants willfully and intentionally failed to pay these plaintiffs an extra hour's pay at the minimum wage as required by New York Labor Law.

## NONPAYMENT OF WAGES

39.	New York Labor Law prohibits employers from failing to pay an employee's wages for any given week of employment.  N.Y. Lab. Law § 191(1).

40.	Defendants failed to pay the wages owed to all plaintiffs except Plaintiffs Wong and Cao.

41. Defendants willfully and intentionally failed to Plaintiffs' wages in violation of the New York Labor Law.

## CAUSES OF ACTION

### COUNT I

*Federal Minimum Wage and Overtime Violations*

42. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

43. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for their hours over forty hours per week in violation of 29 U.S.C. § 201 et seq.

44. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

45. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### COUNT II

*New York State Minimum Wage, Overtime and "Spread of Hours" Violations*

46. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

47. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including overtime pay and spread of hours pay, in violation

8

of N.Y. Lab. Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

48. Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

49. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 663.

## COUNT III

### *State Unpaid Wage Violation*

50. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

51. Defendants failed to pay Plaintiffs, except Wong and Cao, their wages in violation of N.Y. Lab. Law § 191(1).

52. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

53. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 198.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

    (a)    Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

    (b)    Awarding Plaintiffs unpaid minimum wages due under the FLSA and New York Labor Law;

    (c)    Awarding Plaintiff Cashier unpaid overtime compensation due under the FLSA and New York Labor Law;

    (d)    Awarding Plaintiff Cashier and Food Service Workers compensation for all "spread of hours" violations due under New York Labor Law;

    (e)    Awarding Plaintiffs compensation for unpaid wages in violation of the New York Labor Law;

    (f)    Awarding Plaintiffs liquidated damages;

    (g)    Awarding Plaintiffs pre-judgment and post-judgment interest;

    (h)    Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

    (i)    Awarding such other relief as this Court deems is just and proper.

Dated: July 12, 2010

                            Respectfully submitted,

                            __/s/_____
                            Kenneth Kimerling
                            Asian American Legal Defense and Education Fund
                            99 Hudson Street
                            New York, NY 10013
                            212 966 5932
                            ATTORNEYS FOR PLAINTIFFS