UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HUI L. CHEN, GUO Z. WU, TAK S. CHENG, BI :
X. YANG, MEI F. HE, ZIU Y. GUO, JIAN Z. :
LUO, HUI LIN, LONG FANG, ZIAO H. ZHENG :
ZHONG LI, JUN ZHANG, MING HO, XIU H. :
JIANG, XIAO Z. ZHANG, SKY WONG, WU C. :
CAO, SHOU F. LAM, OY K. KWAN, ZHEN Z. :
WU, SHAO J. NG, and YAN X. LIN, :
                                                                       :
                          Plaintiffs,                                  :
                                                                       :
              -against-                                                :
                                                                       :
TYT EAST CORP., JIN HUA RESTAURANT,          :
INC., and MICHAEL LAM                                          :
                                                                       :
                          Defendants.                                  :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 8, 2013

10 Civ. 5288 (PAC) (DF)
OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs, former waiters, waitresses, bussers, and dim sum sellers at Jin Hua Restaurant, Inc. ("Jin Hua") brought this action pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging that Defendants failed to pay them minimum and overtime wages. The Court granted Plaintiffs' motion for summary judgment and denied Defendants' cross-motion for summary judgment on March 21, 2012  The parties settled their dispute regarding the damages owed to Plaintiffs, agreeing to an aggregate amount of $157,825.88, excluding attorneys' fees and costs, on September 21, 2012, and judgment was entered on December 13, 2012. On December 12, 2012, Plaintiffs moved for an award of attorneys' fees and costs, seeking a total of $452,570.00 in fees and $34,651.10 in costs. After minor modification, the Court grants Plaintiffs' motion.

**BACKGROUND**

For the five month period from July 21, 2010, through December 22. 2010, Plaintiffs

1

were represented solely by Kenneth Kimerling ("Kimerling"), Legal Director of the Asian American Legal Defense and Education Fund ("AALDEF"). During this period, Kimerling met with Plaintiffs, drafted and filed the complaint, appeared in court, and made initial discovery requests and disclosures. (Kimerling Decl. ¶ 4.) On December 23, 2010, Kimerling enlisted the services of lawyers from the law firm of Davis Polk and Wardwell LLP ("Davis Polk"). (Rowland Decl. ¶ 5.) The Davis Polk team consisted of two partners, Guy Miller Struve ("Struve") and Frances E. Bivens ("Bivens"); one counsel, Lawrence E. Jacobs ("Jacobs"); five associates, Matthew B. Rowland ("Rowland"), Bernard Chen Zhu ("Zhu"), Joshua T. Foust ("Foust"), Benedict J. Schweigert ("Schweigert") and Alan J. Tabak ("Tabak"); and two summer associates, Mekdes Fanta ("Fanta") and Jun Xiang ("Xiang"). (Id. at ¶ 8.) From December 23, 2010 onward, Kimerling supervised the attorneys from Davis Polk (Kimerling Decl. ¶ 4), who conducted fact discovery, performed legal research, drafted and filed numerous documents with the Court, and prepared for a trial on the issue of damages. (Rowland Decl. ¶ 7.)

Plaintiffs request payment for 101.55 hours of work performed by Kimerling (Kimerling Decl. Ex. 1), at a rate of $400 per hour (id. at ¶ 7), and 1,547.8 hours of work performed by Davis Polk[1] at rates[2] ranging from $450 for partners to $175 for summer associates (Rowland Decl. Ex. 1), as shown below. In addition, AALDEF seeks costs in the amount of $470 (Kimerling Decl. ¶ 11), and Davis Polk seeks $34,181.10. (Rowland Decl. Ex. 3.)

---

[1] Davis Polk has excluded 127.7 hours from its application for attorneys' fees, for what it characterized as "duplicative or noncore work . . . or where narratives were overly vague." (Rowland Decl. ¶ 6.)

[2] The Court acknowledges, with its appreciation, that the proposed rates constitute "a substantial discount" from the firm's "standard rates . . . for commercial litigation." (Rowland Decl. ¶ 10.) The Court commends Davis Polk for its intent to donate any attorneys' fees it is awarded to a charitable, nonprofit organization. (See id. ¶ 18.)

| Attorney | Experience, as of 2010 | Hours Billed | Requested Billing Rate | Requested Fee |
|---|---|---|---|---|
| Kimerling | 41 years | 101.55 | $400 | $40,620.00 |
| Struve | 44 years | 0.8 | $450 | $360.00 |
| Bivens | 18 years | 11.2 | $450 | $5,040.00 |
| Jacobs | 25 years | 1.8 | $350 | $630.00 |
| Rowland | 5 years | 481.5 | $275 | $132,412.50 |
| Zhu | 3 years | 2.5 | $275 | $687.50 |
| Foust | 2 years | 364.6 | $275 | $100,265.00 |
| Schweigert | 1 year | 303 | $275 | $83,325.00 |
| Tabak | 0 years | 223.1 | $275 | $61,352.50 |
| Fanta | 0 years | 104.7 | $175 | $18,322.50 |
| Xiang | 0 years | 54.6 | $175 | $9,555.00 |
| Total: | | 1,649.35 | | $452,570.00 |

## DISCUSSION

Both the FLSA and NYLL allow for the prevailing party in wage and hour cases to recover costs and "reasonable" attorneys' fees. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). "[T]he attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congresionally identified policies and rights." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011) (collecting cases). The "presumptively reasonable fee award" is calculated by "determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together." Porzig v. Dresdner, Kleinwort, Benson N. Am. LLC, 497 F.3d 133, 141 (2d Cir. 2007).

Courts must also consider other factors: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time

limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; . . . (12) awards in similar cases;" and that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008).

Defendants concede that the requested rates for Kimerling, Jacobs, and Rowland are reasonable, but object to the rates requested for Struve, Bivens, Zhu, Foust, Schweigert, Tabak, Fanta and Xiang. Further, they object to the number of hours billed to this matter as "excessive, redundant and unreasonable" (Def. Opp'n at 3), and to $24,300.32 of the costs sought by Plaintiffs for legal research.

**I.     Reasonable Hourly Rate**

The reasonable hourly rate is "the rate 'prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation,'" where "[t]he relevant community . . . is the district in which the court sits." Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). In this case, "similar services" would be those in other civil rights and employment law matters. See Flores v. J&B Club House Tavern, Inc., No. 10 Civ. 4332, 2012 WL 4891888, at *4 (S.D.N.Y. Oct. 16, 2012); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000). "Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time," and with

rates on the higher end of this spectrum "reserved for extraordinary attorneys held in unusually high regard in the legal community."[3] Torres v. Gristede's Operating Corp., No. 04 Civ. 3316, 2012 U.S. Dist. LEXIS 127890, at *10-12 (S.D.N.Y. Aug. 6, 2012) (internal quotations omitted).

A. Partners

Defendants contend that $450 constitutes an excessive fee for supervisory work performed by partners. Although Struve and Bivens have decades of commercial litigation experience and are esteemed members of the bar, it would be incongruous to award them greater hourly rates than Kimerling, who has practiced exclusively as a civil rights and labor law attorney for over 40 years and was the attorney in charge of this matter. (Kimerling Decl. ¶ 7.) Since Plaintiffs have sought only $400 per hour for Kimerling's work and supervision in this case, his rate caps what is reasonable in the instant matter. Accordingly, the Court sets the reasonable hourly rate for work by Struve and Bivens at $400. See Cao v. Wu Liang Ye Lexington Rest., Inc., No. 08 Civ. 3725, 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sept. 30, 2010).

B. Associates

Plaintiffs seek a flat rate of $275 per hour for the work of the five associates, Rowland, Zhu, Foust, Schweigert and Tabak, regardless of their relative levels of experience. Defendants do not contest the reasonableness of this rate for Rowland, who was a relatively senior associate at the commencement of his representation of Plaintiffs, spent the most time on this matter, and who performed commendably in his court appearances; but do contest the reasonableness of

---

[3] The Court disagrees with Plaintiffs' argument that failing to award their requested rates would "unfairly discourage qualified attorneys with general litigation experience from representing clients *pro bono* in areas outside their standard practice." (Pl. Reply at 8.) *Pro bono* work is generally understood to encompass "uncompensated legal services performed [especially] for the public good." Black's Law Dictionary 1323(9th Ed. 2009). The Court commends Davis Polk for the services provided here, but that service, as important as it is, does not impact the methodology for calculating a reasonable hourly rate.

Plaintiffs' requested rate for the four other associates who worked on this matter.

After Rowland, the most senior associate on this matter was Zhu, who translated and analyzed Chinese newspaper articles. (See Rowland Decl. Ex. 2 at 38.) Zhu had three and a half years of legal experience at the time of his involvement in this matter in March, 2011. Accordingly, the Court finds that a reasonable rate for his work is $250 per hour.

Davis Polk's remaining associates, Foust, Schweigert and Tabak, ranged from having two years of experience to having just started practicing law in the fall of 2010. Given the disparity in their experience, it would be unreasonable to award the same rate for senior associates to associates with minimal experience. Rather, "courts have awarded amounts ranging from $125 to $200 per hour for attorneys with less than three years' experience." Torres v. City of New York, No. 07 Civ. 3473, 2008 WL 419306, at *2 (S.D.N.Y. Feb. 14, 2008) (collecting cases). Given that five years have passed since Torres, the Court finds that $215 is a reasonable hourly rate for junior associates in *pro bono* wage and hour cases. See Cao, 2010 U.S. Dist. LEXIS 109373, at *24.

  C. Summer Associates

Plaintiffs seek a rate of $175 per hour for the work of summer associates Fanta and Xiang. Courts in this District have awarded fees in the range of $125 to $175 for summer associates. See, e.g., Gristede's, 2012 U.S. Dist. LEXIS 127890, at *15 ($175), Allende, 783 F. Supp. 2d at 514-15 ($125). The Court finds that $125 per hour is a reasonable rate for summer associates with no prior legal experience, working "at a large, well-respected law firm" on "civil rights and employment litigation" in the Southern District of New York. Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012).

## II.   Reasonable Hours Expended

"The court's role is not to determine whether the number of hours worked . . . represents the most efficient use of resources, but rather whether the number is reasonable." In re Arbitration between P.M.I. Trading Ltd. v. Farstad Oil, Inc., 160 F. Supp. 2d 613, 616 (S.D.N.Y. 2001). To allow for this determination, fee applications must be supported "with contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). They "should not include . . . hours that are 'excessive, redundant or otherwise unnecessary,'" id. at 426 (quoting City of Riverside v. Rivera, 477 U.S. 561, 569 n.4 (1986)), which requires evaluating "'whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures,'" without invoking "the benefit of hindsight." Petrisch v. J.P. Morgan Chase, 789 F. Supp. 2d 437, 459 (S.D.N.Y. 2011) (quoting Robinson v. City of New York, No. 05 Civ. 9545, 2009 WL 3109846, at *5 (S.D.N.Y. Sept. 29, 2009)).

   A.  Redundant and Duplicative Work

Defendants assert that 215 hours of work performed by Plaintiffs' counsel was redundant and duplicative because it was not necessary to involve multiple attorneys in each of the tasks specified. "The use of multiple attorneys is not unreasonable *per se* and parties are not barred from receiving compensation for work performed by an extra lawyer . . . to observe and assist. However, courts typically reduce the fee of an attorney whose role is that of an observer and assistant." Margel v. E.G.L. Gem Lab Ltd., No. 04 Civ. 1514, 2009 WL 302069, at * 5 (S.D.N.Y. Feb. 6, 2009) (internal quotations omitted and collecting cases). Yet such reductions may be excessive if the "assistance is offered by an associate at a much lower rate" than that of a

7

partner. Carrero v. New York City Housing Auth.,685 F. Supp. 904, 908 (S.D.N.Y. 1988). The Court also recognizes that "assistance at depositions is often necessary." Id.

The work challenged by Defendants is divisible into three distinct categories: meetings, depositions, and writing. First, there is nothing unreasonable about having multiple team meetings over the course of several months. The Court therefore rejects Defendants' assertions that preparation for or the attendance of five attorneys at a December 21, 2010 meeting, six attorneys at a January 4, 2011 meeting, three attorneys at a February 4, 2011 meeting, four attorneys at an April 29, 2011 meeting, and three attorneys at a May 20, 2011 meeting were either redundant or duplicative. Second, spending approximately 60 hours[4] to prepare for one offensive and six defensive depositions is not an inordinate amount of time, particularly where the deponents' lack of English proficiency must be accommodated. Finally, the Court finds it reasonable for Foust and Rowland to have spent four hours and Bivens to have spent one hour drafting and revising Plaintiffs' July 20, 2012 letter to the Court.

B. Work Not Reasonably Necessary to the Outcome of the Litigation

Defendants assert that approximately 210 hours billed by Plaintiffs' counsel was not reasonably necessary to the outcome of this litigation and should therefore be deducted from their fee application. First, Defendants challenge approximately 120 hours[5] Plaintiffs spent researching N.Y. Bus. Corp. Law § 630, veil-piercing under New York common law, and agency law. Research on these topics was reasonable. Counsels' research was necessary to determine

---

[4] The Court notes that this overestimates the amount of time spent on preparation for depositions, as other work was included in the challenged billing records. (See, e.g. Def. Opp'n at 12-13. Additionally, this number includes 2.4 hours billed by Foust on March 22, 2011 for "[r]eview [of] notes in preparation for defending client depositions; review advice for defending depositions," which Defendants categorized under the deposition of their 30(b)(6) witness, rather than the separate category of deposition preparation. (See id.)

[5] The Court notes that this again overestimates the amount of time actually spent on these tasks. (See, e.g. Def. Opp'n at 17. Defendants also include a January 6, 2011 entry from Tabak twice (id. at 18), and appear to miscalculate the total number of hours spent researching N.Y. Bus. Corp. Law § 630, which the Court totals as 70.8 hours, rather than 73.8. (Id. at 17.)

how they might enforce the remedy to which they were entitled after the Court granted their motion for summary judgment given the concurrent legal proceedings involving Defendants and the fact that Jin Hua had already gone out of business.  Without this research, Plaintiffs' would have had a remedy but no one against whom it could be enforced.

Nevertheless, the Court finds it unreasonable for an attorney of Kimerling's experience to have performed legal research in the first instance, at a rate of $400 per hour, when more junior – and less expensive – attorneys were available.  The Court will therefore deduct the three hours spent on this research from those applied for by Kimerling.  Additionally, the Court finds that the number of hours spent on the veil-piercing and N.Y. Bus. Corp. Law research was excessive, and accordingly will reduce the hours claimed by 15%.  See Anderson v. Rochester-Genesee Regional Transp. Auth., 388 F. Supp. 2d 159, 163, 167 (W.D.N.Y. 2005); Margel, 2009 WL 30209, at *6.

Second, Defendants challenge 38.7 hours of work related to interviews and conversations with Defendant Michael Lam, 34.6 hours[6] of work related to interviewing Hua Chen, and 19.3 hours of work related to interviewing C.K. Cheng, none of which directly led to the introduction of evidence in this matter.  In making this argument, Defendants improperly invoke "the benefit of hindsight," Petrisch, 789 F. Supp. 2d at 459, but "'[t]he proper inquiry is whether the [interview] was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court.'" Lewis v. City of Chicago, No. 04 Civ. 6050, 2012 WL 6720411, at *5 (N.D. Ill. Dec. 21, 2012) (quoting Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998)).  No argument is offered as to why these interviews were not reasonable at the time they were taken.  The Court finds it unreasonable, however, to charge $215 per hour for

---

[6] Defendants include .6 hours of work performed by Rowland on January 24, 2011 twice in calculating that the Chen-related work totaled 35.2 hours. (Def. Opp'n at 19-20.)

administrative and stenographic work (see Def. Opp'n at 19 (including .3 hours for reserving conference room and creating visitor passes for Chen interview), 20 (including 2.9 hours for "typ[ing] notes from interview of Cheng")), nor was it necessary for Foust and Tabak to attend the Chen interview alongside Rowland and Kimmerling. (See id. at 19-20.) The Court will deduct this work from the award of attorneys' fees.

C. Excessive Work

Defendants contend that Plaintiffs' counsel engaged in excessive work, leading to fees that are beyond "'what a reasonable, paying client would be willing to pay, given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quoting Arbor Hill, 522 F.3d at 184, 190). First, Defendants point to approximately 100.6 hours[7] largely spent researching various theories of liability between October, 2010 and April, 2011. The Court finds this to be excessive, and, accordingly, reduces the hours billed to this work by 15%.

Second, Defendants contend that 37.5 hours of work in June and July, 2011, primarily spent drafting and revising portions of Plaintiffs' summary judgment brief addressing liability, are excessive in light of the time previously spent researching these issues. Third, and similarly, Defendants assert that Plaintiffs' spent 222.4 hours on their summary judgment brief, 149.8 hours opposing Defendants' motion for summary judgment, and 125.2 hours on their reply brief in support of summary judgment, all of which Defendants deem to be excessive. The Court finds that these are not unreasonable amounts of time to work on briefs for dispositive motions.

**III. Costs**

Davis Polk seeks $34,181.10 in costs, of which $24,300.32 are for legal research that

---

[7] Defendants calculate the amount to be 186.4 hours, but this appears to be the result of including an unexplained 85.8 hours in their spreadsheet, for which no attorney(s), date(s) or description(s) is provided. (See Def. Opp'n at 22.) Accordingly, the Court attributes the inclusion of these 85.8 hours to a clerical error on the part of Defendants.

10

Defendants contend is unreasonable. (See Rowland Decl. Ex. 3.) So long as they are reasonable, the costs of computerized legal research "are the sort of expenses that may ordinarily be recovered." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (collecting cases). Although legal research costs totaling several thousand dollars are not unprecedented, the Court's review of prior decisions suggests that they are highly unusual and generally occur only in the context of litigation considerably lengthier and more complicated than the matter at bar. See, e.g., LV v. New York City Dept. of Educ., 700 F. Supp. 2d 510, 528-29 (S.D.N.Y. 2010) (awarding $1,238,403.09 in attorneys' fees and $121,391.81 in expenses to law firm) (cited in Pl. Br. at 9); LV, Henkin Decl. at ¶ 40, No. 03 Civ. 9917, Dkt. No. 130 (S.D.N.Y. June 26, 2009) (legal research comprised only $2,012.72 of $130,133.29 requested expenses).

Plaintiffs provide no justification for these expenses, which include several very large charges. For example, Davis Polk's legal research invoices include (1) $1,059.34 by Tabak on January 5, 2011, including $655.66 for "document printing" (Rowland Reply Decl. Ex. 1 at 2-3), on which date he spent 3.5 hours[8] researching and drafting a memorandum on veil-piercing (Rowland Decl. Ex. 2 at 29); (2) $2,778.38 by Foust over the course of one week in July, 2011 (Rowland Reply Decl. Ex. 1 at 21), during which he spent 32.7 hours researching and drafting a section of a brief on agency law; and (3) $1,513.39 by Fanta on July 6, 2012 (Rowland Reply Decl. Ex. 1 at 22), on which date she spent 10.2 hours researching and drafting a memorandum on attachment. (Rowland Decl. Ex. 2 at 1.) The Court finds that such expenses are not reasonable and, accordingly, reduces the costs of legal research awarded to Plaintiffs by 50%, to $12,150.16.

---

[8] The Court finds it disconcerting that this research thereby cost $302.67 per hour, far exceeding the rate of $215 per hour that the Court finds reasonable for the work Tabak performed on this matter.

11

CONCLUSION

For the reasons stated above, Plaintiffs' request for attorneys' fees and costs is modified and granted, as shown in the chart below. The Clerk of the Court is directed to enter a supplemental judgment awarding counsel at Davis Polk attorneys' fees in the amount of $342,256.35 and costs in the amount of $22,030.94, and awarding the AALDEEF attorneys' fees in the amount of $38,760 and costs in the amount of $470. The Clerk of the Court is further directed to terminate the motion at docket number 55.

| Attorney | Requested | | | Awarded | | |
|---|---|---|---|---|---|---|
| | Hours | Rate | Fee | Hours | Rate | Fee |
| Kimerling | 101.55 | $400 | $40,620.00 | 96.9 | $400 | $38,760.00 |
| Struve | 0.8 | $450 | $360.00 | 0.8 | $400 | $320.00 |
| Bivens | 11.2 | $450 | $5,040.00 | 11.2 | $400 | $4,480.00 |
| Jacobs | 1.8 | $350 | $630.00 | 1.8 | $350 | $630.00 |
| Rowland | 481.5 | $275 | $132,412.50 | 479.025 | $275 | $131,731.88 |
| Zhu | 2.5 | $275 | $687.50 | 2.5 | $250 | $625.00 |
| Foust | 364.6 | $275 | $100,265.00 | 357.365 | $215 | $76,833.48 |
| Schweigert | 303 | $275 | $83,325.00 | 291.085 | $215 | $62,583.28 |
| Tabak | 223.1 | $275 | $61,352.50 | 212.44 | $215 | $45,674.60 |
| Fanta | 104.7 | $175 | $18,322.50 | 100.665 | $125 | $12,583.13 |
| Xiang | 54.6 | $175 | $9,555.00 | 54.36 | $125 | $6,795.00 |
| Subotal: | 1,649.35 | | $452,570.00 | 1,608.14 | | $381,016.35 |
| AALDEF Costs: | | | $470.00 | | | $470.00 |
| Davis Polk Costs: | | | $34,181.10 | | | $22,030.94 |
| Total: | | | $487,221.10 | | | $403,517.29 |

Dated: New York, New York
May /, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

12